**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4202**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALEXANDER ROLAND FRAZIER, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Richard Mark Gergel, District Judge. (2:18-cr-00369-RMG-1)

Submitted: October 25, 2019                         Decided: November 15, 2019

Before AGEE, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charles W. Cochran, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, South Carolina, for Appellant. Sherri A. Lydon, United States Attorney, Columbia, South Carolina, Sean Kittrell, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to Fed. R. Crim. P. 11(a)(2), Alexander Roland Frazier, Jr., pleaded guilty to possessing a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012), preserving his ability to challenge the denial of his motion to suppress the loaded firearm found by law enforcement officers while searching a vehicle he recently occupied. On appeal, Frazier contends that (1) he has standing to challenge the vehicle search that led to the discovery of his firearm, (2) his initial seizure was not supported by reasonable suspicion, (3) the search of the vehicle was not justified by the driver's consent, and (4) the searches of the vehicle and his person were irreparably tainted by a false assertion of law made by the arresting officer. He also challenges the court's denial of his motion to reconsider. For the following reasons, we affirm.

"When reviewing a district court's ruling on a motion to suppress, we review factual findings for clear error and legal determinations de novo." *United States v. Lull*, 824 F.3d 109, 114 (4th Cir. 2016) (internal quotation marks omitted). When the district court denies a defendant's motion to suppress, "we construe the evidence in the light most favorable to the government." *United States v. Clarke*, 842 F.3d 288, 293 (4th Cir. 2016) (internal quotation marks omitted). Moreover, we "review a district court's refusal to reopen a suppression hearing for abuse of discretion." *United States v. Dickerson*, 166 F.3d 667, 668 (4th Cir. 1999) (collecting cases), *rev'd on other grounds*, 530 U.S. 428 (2000). Under the abuse of discretion standard, we will not reverse a district court's judgment "merely because [we] would have come to a different result in the first instance." *Evans v. Eaton Corp. Long Term Disability Plan*, 514 F.3d 315, 322 (4th Cir. 2008).

2

Frazier argues that the district court erred in finding he did not have standing to object to the search of the vehicle in which he was a passenger. A search can violate an individual's Fourth Amendment rights only when he has a legitimate expectation of privacy in the place searched. *See Byrd v. United States*, 138 S. Ct. 1518, 1526 (2018). "A passenger in a car normally has no legitimate expectation of privacy in an automobile in which he asserts neither a property interest nor a possessory interest." *United States v. Carter*, 300 F.3d 415, 421 (4th Cir. 2002). The person challenging the search bears the burden of establishing a reasonable expectation of privacy in the searched area. *United States v. Castellanos*, 716 F.3d 828, 833 n.4 (4th Cir. 2013). We have reviewed the record on this point and find no reversible error in the court's determination that Frazier lacked standing. [*]

Frazier also challenges the district court's ruling that his initial seizure was supported by reasonable suspicion. *See United States v. Rusher*, 966 F.2d 868, 875 (4th Cir. 1992) (recognizing that even when passenger lacks standing to challenge vehicle search, if initial investigative stop of vehicle is illegal, any items seized should be "excluded under the fruit of the poisonous tree doctrine" (internal quotation marks omitted)). "Although brief encounters between police and citizens require no objective justification, a brief investigatory stop is impermissible unless the officer's action is supported by a reasonable and articulable suspicion that criminal activity may be afoot."

---

[*] In light of this conclusion, we need not address Frazier's other challenges to the search.

*United States v. Foster*, 824 F.3d 84, 88 (4th Cir. 2016) (alterations, citations, and internal quotation marks omitted). If a person was seized, we consider whether the seizure was supported by reasonable suspicion under the totality of the circumstances. *Id.* at 89.

"Seemingly innocent factors, when viewed together, can amount to reasonable suspicion." *Id.* (alterations and internal quotation marks omitted). As we have noted, "although the ultimate question of whether reasonable suspicion existed is of course a mixed question of law and fact [subject to de novo review], that standard does not displace the reality that district judges find underlying facts and draw inferences that warrant deference." *United States v. Bumpers*, 705 F.3d 168, 173 (4th Cir. 2013) (internal quotation marks omitted). We have reviewed the record and the relevant legal authorities and conclude that the district court did not err in concluding that the initial detention of Frazier was lawful.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*